O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TRACY HENRY,<br><br>Plaintiff,<br><br>v.<br><br>HEATHER SHIRLEY,<br><br>Defendant. | Case No. 2:23-CV-03707-CAS-(SK)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## I. INTRODUCTION

On November 7, 2024, United States Magistrate Judge Steve Kim (the "Magistrate Judge") issued a Report and Recommendation denying petitioner Richard Henry's ("petitioner") petition for a writ of habeas corpus. Dkt. 35 ("R&R"). On December 2, 2024, petitioner filed his objections to the R&R. Dkt. 36 ("Objections").

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, the R&R of the Magistrate Judge, and petitioner's Objections thereto. After

having made a *de novo* determination of the portions of the R&R to which plaintiff's objections were directed, the Court accepts the report, findings, and recommendations of the Magistrate Judge.

## II. BACKGROUND

In November 2017, petitioner participated in the armed robbery of a marijuana dispensary. R&R at 2. While he and his co-defendants took cash and property from the dispensary, he restrained three of the store's employees at gunpoint. Id. at 3. In total, there were four employees in the dispensary and one receptionist. Id. Petitioner was charged with five counts of robbery, one charge for each employee. Id. at 4. The State argued that petitioner had prior qualifying convictions pursuant to the three strikes statute and that petitioner had personally used a firearm to facilitate each robbery, under California Penal Code § 12022.5. Id. at 4.

It took the prosecution three tries to successfully file the charges and sentencing allegations. Id. First, the complaint was dismissed because a prosecutor who was new to the job had mishandled the calling of witnesses for a preliminary hearing that had been continued. Id. The second complaint was also dismissed, but only after petitioner had answered the complaint at a successful preliminary hearing. Id. A judge other than the judge who presided over the preliminary hearing later concluded that the DNA evidence used to identify petitioner at the preliminary hearing should have been authenticated by a DNA analyst and not via the hearsay testimony of the police investigator. Id. The charges were then filed a third time and petitioner moved before trial to dismiss the operative criminal information based on California Penal Code § 1387.1 ("§ 1387.1"), which provides state trial judges with discretion to dismiss successive filings of criminal charges which have been filed at least twice before, but which provides an exception if the charges involve a violent felony and excusable neglect

can explain either prior dismissal.  Id.  Accordingly, after a hearing in this case, the trial court declined to dismiss the charges, finding that both prior dismissals were caused by excusable neglect on behalf of the prosecution.[1]  Id. at 4-5.

At a bench trial, petitioner was convicted on all five robbery counts and was found to have used a firearm to commit or facilitate each robbery.  Id. at 5.  The three-strikes allegations against petitioner were also found true.[2]  Id.  At sentencing, the trial court exercised its discretion to stay the additional ten-year sentence mandated by the firearm finding because, as a three-strikes offender, he was already being sentenced to serve an indeterminate 125 years to life sentence.  Id.

Petitioner appealed his convictions and sentence on two grounds: (1) that the trial court should have dismissed the third operative set of criminal charges against him, pursuant to § 1387.1; and (2) that the firearm enhancements should not be applied for employees he did not personally restrain at gunpoint.  Id. at 6.

The facts at issue are comprehensively set forth in the R&R, thus the Court does not repeat them unless relevant to the Court's decision.  R&R at 2-6.

### III.  LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

---

[1] On appeal, the California Court of Appeal (the "Court of Appeal") affirmed, finding that the trial court acted within its discretion when it did not dismiss the third filing, since the first complaint was dismissed because of a mistake with regard to witness coordination and the second was dismissed only when the second judge required firsthand DNA authentication.  Id.  The Court of Appeal also affirmed the application of firearm sentencing enhancements for the two employees petitioner did not personally restrain at gunpoint, finding that that the § 12022.5 enhancement could legally be applied for all victims, "so long as his own uses of a firearm aided and abetted the series of robberies committed together by him and his accomplices."  Id. at 6.

[2] The Court notes that petitioner does not challenge this finding in his petition.

636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith v. Haynes, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

## IV.  DISCUSSION

The Court agrees with the Magistrate Judge's conclusions and reasoning. Given the broad objections lodged by petitioner, the Court addresses each element of the R&R.  See Objections.  As the R&R points out, the Court of Appeal decision is the relevant state court decision subject to review. Id.  However, petitioner has failed to meet conditions required for habeas corpus relief from this Court. Id. at 6. First, he did not allege a violation of federal law.  Id. Second, petitioner cannot relitigate any claim that was decided on the merits in state court unless the decision

4

"'was contrary to, or involved an unreasonable application of, clearly established Federal law' as determined by the Supreme Court, 28 U.S.C. § 2254(d)(1), or it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Id. at 6-7. Third, even if petitioner's claims were to receive de novo review, despite the § 2254(d) relitigation bar, petitioner cannot secure relief unless he proves he was prejudiced by the claimed federal law violation. Id. at 7. Finally, petitioner cannot receive relief for a claim challenging a determination of fact by the state court, which is presumed correct even on de novo review, unless that presumption is rebutted by clear and convincing evidence. Id. at 7.

First, the Court agrees with the Magistrate Judge that petitioner's habeas claims are based on unreviewable state law questions, "[d]espite [petitioner] couching them ostensibly as due process challenges." Id. at 7. The Magistrate Judge was correct to conclude that petitioner's claims are based on his disagreement with the application of California state law to his case, rather than on federal law. As the R&R points out, "[f]or both claims, then, 'a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus,'" and petitioner cannot "'transform a state law issue into a federal one merely by asserting a violation of due process.'" Id. at 8 (quoting Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)).

Second, as noted by the Magistrate Judge, petitioner's habeas claims are foreclosed by 28 U.S.C. § 2254(d), even if the Court were to construe them as cognizable federal claims because he has not shown that the Court of Appeal decision contradicted, or was an unreasonable application of, clearly established federal law. Id. Additionally, petitioner has not shown that the Court of Appeal decision was based on an unreasonable determination of facts in the state court

5

record. Id. The Court agrees with the Magistrate Judge that petitioner has not identified controlling Supreme Court precedent for the proposition that this is an unreasonable application of federal law. Id. at 9. Petitioner's reliance on Hicks v. Oklahoma, 447 U.S. 343 (1980) is misplaced because, as noted by the Magistrate Judge, the only possible federal right created by Hicks is a procedural right, which if it applied, "can only be invoked to ensure that petitioner was not arbitrarily denied a judicial determination under Penal Code § 1387.1 as a matter of procedural right." Id. Petitioner received all process due under § 1387.1, and Hicks cannot provide an avenue to his preferred substantive outcome. Id. at 10. The Court also agrees that Jackson v. Virginia, 443 U.S. 307 (1979) does not apply, and that petitioner's claim is not one of sufficiency of evidence as addressed by Jackson; rather his contention is that the trial court and Court of Appeal did not correctly interpret § 12022.5. Id. at 10-11. Therefore, the Court cannot find that the Court of Appeal decision on either basis was contrary to, or an unreasonable application of, any clearly established federal law.

Next, the Court agrees with the R&R's finding that the remaining possible avenue to relief would be that the Court of Appeal's rejection of petitioner's § 1387.5 claim was based on an unreasonable determination of facts under § 2254(d)(2). Id. at 12. As the R&R explains, there is no indication of objective unreasonableness in the state court record as to the finding that at least one of the two prior dismissals of the complaint against petitioner was based on excusable neglect. Id. at 12-13. Accordingly, petitioner is also not entitled to relief on this basis.

Finally, the Court concludes, as did the Magistrate Judge, that even if petitioner's claims were reviewed with no deference, they would fail under § 2554(d). Id. at 13. The firearm enhancements under § 12022.5 were stayed at sentencing and thus could not have had substantial and injurious effect as would be

1  required for relief.  Id. at 13-14 (citing Brecht v. Abramson, 507 U.S. 619, 638
2  (1993); United States v. Ali, 620 F.3d 1062, 1074 (9th Cir. 2010)).  The § 1387.1
3  claim also cannot survive de novo review because, as the R&R explains, "[t]he
4  trial court's factual findings about excusable neglect are presumed correct unless
5  rebutted by clear and convincing evidence" of the kind petitioner has not put forth
6  here.  Id. at 14.

7       The Court notes that petitioner seems to raise new Eighth Amendment
8  grounds for relief in his objections, contending that California's prohibition on
9  cruel and unusual punishment has been read to bar disproportionate sentencing and
10 that given he "did not participate in Counts 1 and 4" the record does not support
11 the sentence of 125 years to life.  Objections at 4.  First, the Court notes that
12 petitioner raises the Eighth Amendment basis for relief for the first time in his
13 objections.  Because petitioner raises the objection for the first time in his
14 objections to the R&R, this is not a proper basis on which to grant relief.  Gwin v.
15 Martel, No. CV 14-6083-MWF (GJS), 2017 WL 517759, at *1 (C.D. Cal. Feb. 6,
16 2017) ("habeas claims must be raised in the Petition and before the Magistrate
17 Judge in the first instance, and they are not properly brought before the Court
18 in objections to a Magistrate Judge's report and recommendation") (citing
19 Greenhow v. Secretary of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir.
20 1988) overruled on other grounds by United States v. Hardesty, 977 F.2d 1347,
21 1348 (9th Cir. 1992) (en banc) (per curiam)).  Additionally, the Court concludes
22 that on the merits, the Supreme Court has found similar sentences for less serious
23 crimes to be proportionate.  See, e.g., Ewing v. California, 538 U.S. 11, 28 (2003)
24 (holding that a three strikes sentence of 25 years to life was not unconstitutionally
25 disproportionate to petitioner's offense of stealing three golf clubs or $1200 of
26 merchandise following two other violent or serious felony convictions).  Therefore,
27 the Court concludes that relief is not warranted on this basis.

## V. CONCLUSION

Having completed its review, the Court accepts the findings and recommendations set forth in the R&R.

Accordingly, petitioner's application for a writ of habeas corpus is **DENIED**.

Dated: May 27, 2025

                                      CHRISTINA A. SNYDER
                                      United States District Judge